UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN W. PERKINS, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25,<br><br>                    Defendants. | Case No.: 09-CV-5951 (RJH) |
| WILLIAM POLESE, Individually and on Behalf of All Persons Similarly Situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-50,<br><br>                    Defendants. | Case No.: 09-CV-6416 (RJH) |
| MARILYN MEDDLES, On Behalf of Herself and All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-20,<br><br>                    Defendants. | Case No.: 09-CV-6669 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
CONSOLIDATE RELATED CASES AND
APPOINT INTERIM CO-LEAD COUNSEL FOR THE PUTATIVE CLASS**

| | |
|---|---|
| BLAIR C. FENSTERSTOCK, CONSTANCE J. THOMAS, a.k.a. CONSTANCE J. FENSTERSTOCK, and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25,<br><br>      Defendants. | Case No.: 09-CV-6670 |
| ROBERT I. HARWOOD, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> v.<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>      Defendant. | Case No.: 09-CV-6678 |
| LEE FRIEDMAN, KENNETH GREENBERG, MARCEL KUNZ AND JOHN G. REAMS, Individually and On Behalf of All Persons Similarly Situated,<br><br>      Plaintiffs,<br><br> v.<br><br>VERIFIED IDENTITY PASS, INC., AND DOES 1-50,<br><br>      Defendants. | Case No.: 09-CV-6694 |

| | |
|---|---|
| DELMAR S. DUKES, On Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>    v.<br><br>VERIFIED IDENTITY PASS, INC.,<br><br>                              Defendant. | Case No.: 09-CV-6947 |

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION .................................................................................................. 1

II. PROCEDURAL BACKGROUND......................................................................... 3

III. CONSOLIDATION OF ALL RELATED ACTIONS PURSUANT TO
RULE 42(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE WILL
PROMOTE JUDICIAL ECONOMY .................................................................... 4

IV. KAPLAN FOX, SCHNEIDER WALLACE AND SQUITIERI & FEARON
SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR
THE CLASS ........................................................................................................... 6

  A. Proposed Co-Lead Counsel Bring Substantial Experience to this Case ................. 7

    1. Kaplan Fox Should Be Appointed Interim Co-Lead Counsel .................... 7

    2. Schneider Wallace Should Be Appointed Interim Co-Lead Counsel ....... 10

    3. Squitieri & Fearon Should Be Appointed Interim Co-Lead Counsel ....... 11

V. CONCLUSION..................................................................................................... 12

Plaintiffs Robert I. Harwood, Stephen W. Perkins, Norman Stoehr and Catherine Stoehr, David and Stacey Schapiro, Mariellen Baker, Sangsoo Wesley Park, William Whetstone, Richard Luckett, Mark Nathan, Matthew Delaney, Peter and Lois Nathan, John D. Wilgeroth, Kerry B. Hoggard, Mike Berkley, David Goldberg, Paul Braoudakis, Aaron Lambert, Kimberly Quan, Stuart and Joan Schapiro, and James B. Black, respectfully request that this Court appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), Schneider Wallace Cottrell Braton Konceky LLP ("Schneider Wallace") and Squitieri & Fearon, LLP ("Squitieri & Fearon") as Interim Co-Lead Counsel for the putative class.

## I. INTRODUCTION

Currently before this Court are seven class action cases brought on behalf of a putative class of consumers that purchased a membership in Verified Identity Pass Inc.'s ("VIP") CLEAR Program ("CLEAR") and who, pursuant to contractual agreements, were enrolled as CLEAR members as of June 22, 2009 (the "Class"), the date on which VIP discontinued operations, stopped providing any services or benefits to CLEAR members and announced that no pro-rata refunds of membership fees would be provided.

The CLEAR program was an airport check-in membership program (or Registered Traveler program) which featured special security lanes in airports that allowed its members to bypass long check-in lines and proceed directly to airport screening. Hundreds of thousands of consumers across the United States provided sensitive and personal information such as social security numbers and fingerprints to VIP for the privilege of becoming CLEAR members and bypassing airport security check-in. Pursuant to the express terms of a Membership Agreement entered into between the consumer and VIP, if a member terminated his or her membership or was otherwise terminated from CLEAR, a pro-rated amount for the unexpired portion of his or

...

her membership would be refunded. However, when VIP abruptly ceased operations no refunds were offered.[1]

As set forth in the complaints in the seven "Related Actions," Defendants , who marketed and sold CLEAR memberships to the Class, wrongfully converted monies of Plaintiffs and the Class, defrauded Plaintiffs and the Class, breached contracts with Plaintiffs and the Class, committed misleading acts and practices against Plaintiffs and the Class, acted negligently with respect to Plaintiffs and the Class, and were unjustly enriched at the expense of Plaintiffs and the Class.

Plaintiffs herein seek an Order pursuant to Rule 42(a) of the Fed. R. Civ. P. consolidating the Related Actions (defined below) and all later filed consumer class actions involving similar facts and legal issues which may be filed in the Southern District of New York. Consolidation is warranted given the similarities of the actions, to facilitate judicial economy and to ensure the orderly prosecution of the claims filed against defendants.

Plaintiffs also seek an Order pursuant to Rule 23(g)(2)(A) appointing Kaplan Fox, Schneider Wallace and Squitieri & Fearon as Interim Co-Lead Counsel to prosecute the Related Actions once consolidated. Plaintiffs believe that appointment of these three firms will contribute to the efficient prosecution of the Related Actions.

This proposed Co-Lead Counsel structure has the support of Plaintiffs' counsel in the *Perkins, Harwood,* and *Dukes* cases. Proposed Co-Lead Counsel brings experience, resources

---

[1] On June 22, 2009, without any warning, VIP notified Plaintiffs and its other CLEAR customers that VIP was shutting down operations. VIP advised Plaintiffs and the Class, in an electronic mail as well as on its website, that VIP "was unable to negotiate an agreement with its senior creditor to continue operations." VIP also disclosed that, although it had not filed for bankruptcy it could not issue refunds to CLEAR members due to the Company's financial condition.

2

and the ability to lead these putative class actions and to coordinate work among counsel. As recommended by the *Manual for Complex Litigation*, Plaintiffs here have formed a consensus of Plaintiffs and counsel in these actions on the issue of organization of counsel. *See Manual for Complex Litigation* (Fourth) ("*MCL*") (2009), §10.221 (Organizational Structures at 42).

Proposed Co-Lead Counsel have specific experience and notable accomplishments in consumer class actions, as well as with class action litigation in this District and will vigorously prosecute these class actions in a fair and efficient manner to a successful conclusion. Therefore, Kaplan Fox, Schneider Wallace and Squitieri & Fearon should be appointed Interim Co-Lead Counsel for the putative Class.

## II.   PROCEDURAL BACKGROUND

On June 25, 2009, Squitieri & Fearon filed *Harwood v. Verified Identity Pass, Inc.* in the Supreme Court of the State of New York, the first lawsuit filed against Defendant VIP arising out of its suspension of service. The *Harwood* case was refiled in this Court on or about July 28, 2009. On June 29, 2009, Kaplan Fox and Schneider Wallace filed the *Perkins* action, the first case against defendant VIP filed in federal court. On July 28, 2009, Kaplan Fox and Schneider Wallace filed a comprehensive Amended Complaint in the *Perkins* action.

On August 7, 2009, Kaplan Fox and Schneider Wallace filed a motion for a preservation order and preliminary injunction (the "PI Motion") in *Perkins* seeking (1) the issuance of a preservation order preventing VIP from disposing of or destroying any relevant evidence and/or discoverable documents and information in this case, including, but not limited to, the names, contact information and payment records of putative class members; and (2) the entry of a preliminary injunction prohibiting VIP from selling, transferring or disclosing the private biographic and biometric information of Plaintiffs and the putative class to any unauthorized

3

person or entity and prohibiting VIP from maintaining the data in a manner that is unsecure or inconsistent in any way with its Privacy Policy and with the Transportation Security Administration's Registered Traveler Security, Privacy and Compliance Standards.

Since the filing of the PI Motion, Plaintiffs' Counsel in the *Perkins* action has had both telephonic and in-person discussions with counsel for VIP regarding the efficient management of this case and the resolution of the PI motion in a manner favorable to class members. Specifically, counsel for VIP has agreed to a stipulation that effectively grants the relief the PI motion sought including preservation of biographic and other membership information and prohibitions on the ability of VIP to share any membership information with third parties interested in any type of corporate transaction with VIP.

### III. CONSOLIDATION OF ALL RELATED ACTIONS PURSUANT TO RULE 42(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE WILL PROMOTE JUDICIAL ECONOMY

Plaintiffs seek consolidation of the following Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure:

| Case Name (S.D.N.Y.) | Case Number | Date Filed | Judge |
| --- | --- | --- | --- |
| *Harwood v. Verified Identity Pass, Inc., et al.* | 1:09cv06678 | 06/25/2009 | Unassigned (refiled S.D.N.Y. 7/28/09) |
| *Perkins v. Verified Identity Pass, Inc., et al.* | 1:09cv05951 | 06/29/2009 | Holwell |
| *Meddles v. Verified Identity Pass, Inc., et al.* | 1:09cv06669 | 07/02/2009 | Unassigned (removed to S.D.N.Y. 7/28/09) |
| *Polese v. Verified Identity Pass, Inc., et al.* | 1:09cv06416 | 07/17/2009 | Holwell |
| *Fensterstock et al. v. Verified Identity Pass, Inc., et al.* | 1:09cv06670 | 07/09/2009 | Unassigned (removed to S.D.N.Y. 7/27/09) |
| *Friedman et al. v. Verified Identity Pass, Inc., et al.* | 1:09cv06694 | 07/28/2009 | Unassigned |
| *Dukes v. Verified Identity Pass, Inc.* | 1:09cv06947 | 08/06/2009 | Unassigned |

Rule 42(a) of the Fed. R. Civ. P. provides for consolidation of actions as follows:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

*See* Fed. R. Civ. P. 42(a).

Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial. *See In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977). Each of the Related Actions involves substantially similar issues and revolves around the same nucleus of operative facts. Moreover, the Related Actions name the same defendant and state the same claims on behalf of a proposed class of consumers which arise from the same factual circumstances.

Therefore, consolidation of the Related Actions is necessary and appropriate and will serve to promote efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding any unnecessary burdens on parties and witnesses and minimizing the expenditure of time and money by all parties. Consolidation is also warranted because all of these cases are dependent on proof of the same question of law and fact. Indeed, Plaintiffs in each case will seek to review the same documents and depose the same witnesses.

Consolidating these Related Actions will serve judicial efficiency by preventing unnecessary duplication of efforts, including briefing and arguing motions, initiating and conducting pretrial discovery, employing experts, arranging for support services and coordinating the massive task of evidence and document retention. *See MCL* (Fourth), §20.11

(2009). Thus, the interests of the parties are best served by the efficiency, consistency and economy achieved through consolidation.[2]

Defendant VIP does not oppose consolidation of these actions. In fact, Plaintiffs' counsel in the *Harwood* and *Perkins* cases have had several conversations with counsel for VIP, during which it has been made clear that VIP also desires to have the cases consolidated. Additionally, the moving parties are not aware of any opposition to consolidation from any of the Plaintiffs in the Related Actions.

### IV. KAPLAN FOX, SCHNEIDER WALLACE AND SQUITIERI & FEARON SHOULD BE APPOINTED INTERIM CO-LEAD COUNSEL FOR THE CLASS

Fed R. Civ. P. 23(g)(3) provides that this Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Section 21.271 of the *Manual for Complex Litigation* explains when a court should appoint lead counsel:

> Rule 23(g) sets out the criteria and procedures for appointment of class counsel. In every case, the judge must inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately. This last category may include the ability to coordinate the litigation with other state and federal class and individual actions involving the same subject matter. Those seeking appointment as class counsel must identify related litigation in which they are participating. It is important for the judge to ensure that counsel does not have a conflict with class interests.

---

[2] On August 10, 2009, the Glancy law firm also filed a motion for consolidation. However, the Glancy motion seeks the appointment of Glancy Binkow & Goldberg LLP and Faruqi and Faruqi, LLP as Interim Co-Lead Counsel. Glancy Binkow filed the *Friedman* action more than one month after the *Harwood* action was filed. Faruqi and Faruqi filed the *Polese* action approximately 3 weeks after the *Harwood* action was filed.

*MCL*, Section 21.271. Lead counsel for the Related Actions should be appointed to ensure that the putative Class is represented fairly and adequately, and to ensure that this litigation is afforded the experience, knowledge and resources necessary for an effective prosecution.

As further articulated in Fed. R. Civ. P. 23(g)(1)(A) and (B), the Court "must consider" the work counsel has done in this action, counsel's experience in handling class actions, counsel's knowledge of the applicable law, counsel's resources, and other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class." This Court, in short, should appoint the best lead counsel available to the Class.

Proposed Co-Lead Counsel have the experience, resources and knowledge necessary to provide the putative Class in these cases the best representation possible. Each has extensive experience with complex litigation, a proven track record, and a wealth of resources already in this jurisdiction to commit to this litigation.

### A.     Proposed Co-Lead Counsel Bring Substantial Experience to this Case

Kaplan Fox, Schneider Wallace and Squitieri & Fearon bring experience, resources and the ability to lead these putative class actions and to coordinate work among counsel. Moreover, they have specific experience in consumer class actions, as well as with class cases in this District.

#### 1.     Kaplan Fox Should Be Appointed Interim Co-Lead Counsel

Kaplan Fox is one of the nation's preeminent law firms concentrating its practice on the representation of plaintiffs in complex and class action litigation. Kaplan Fox attorneys regularly obtain some of the largest recoveries in the fields in which they practice, which include consumer protection, product liability, securities and antitrust litigation. A list of Kaplan Fox's

most significant recoveries, as well a firm resume, are attached as Exhibit 1 to the Declaration of Christine M. Fox. Kaplan Fox's primary offices are in New York and San Francisco.

In the consumer protection area, Kaplan Fox and its senior partner Frederic Fox served as a member of the Plaintiffs' Steering Committee in *In re Baycol Products Litigation,* MDL No. 1431-MJD/JGL, in the District of Minnesota. *Baycol* was a proposed class action on behalf of consumers who took a dangerous and defective drug which was recalled from the market. More than $350 million in settlements were obtained in this multidistrict litigation.

Kaplan Fox also was co-lead counsel in *In re Providian Credit Card Cases,* JCCP 4085 (Cal. Super. Ct., S.F. Cty.) and *In re Providian Financial Corp. Credit Card Terms Litigation,* MDL No. 1301-WY (E.D. Pa.), two related landmark consumer protection cases alleging deceptive marketing practices by a major credit card issuer. A classwide settlement consisting of $105 million plus significant injunctive relief was achieved. More recently, Kaplan Fox was involved in the "Thomas the Train" lead paint litigation against RC2 Corporation where a settlement of $30 million was achieved in January 2008. *See In re Thomas Trains Paint Litigation,* Lead Case No. 07c3514 (N.D. Ill.). Kaplan Fox also is lead counsel in the consumer cases *In re Aqua Dots Products Liability Litigation,* MDL No. 1940 (Lead Case No.: 1:08-cv-2364 (N.D. Ill.)) and *Berry v. Mega Brands Inc.,* No. 2:08-CV-1750 SDW (D.N.J.).

The primary Kaplan Fox attorneys responsible for this litigation will be Mr. Fox and Laurence King, another partner of the firm. Both have extensive experience prosecuting complex and class action litigation, including consumer protection litigation. Messrs. Fox and King both worked extensively on the cases described above. In addition, they have also both taken class actions to trial. *See, e.g., In re Biogen Securities Litigation,* Case No. 94-12177-PBS (D. Mass.), *In re Health Management Inc. Securities Litigation,* Case No. CV-96-0889

(E.D.N.Y.). The Kaplan Fox team will also include Christine Fox and Mario Choi, attorneys who are highly experienced in the prosecution of consumer class actions.

### 2. Schneider Wallace Should Be Appointed Interim Co-Lead Counsel

The Schneider Wallace firm is based in San Francisco and has substantial experience in handling complex class actions, including consumer class actions, in state and federal courts throughout the United States.[3] Indeed, Schneider Wallace has nationwide recognition as superior counsel successfully prosecuting class actions on behalf of consumers, employees, persons with disablities and other classes of individuals.

Schneider Wallace has been representing plaintiffs in such actions since 1993 and has prosecuted cases successfully against some of the largest corporations in the nation. Over time, the firm has a built a proven, unrivaled trial record that speaks for itself. The firm resume of Schneider Wallace is attached as Exhibit 2 to the Declaration of Christine M. Fox.

Among the firm's successes are the following cases:

- *Bates v. United Parcel Service*: a national disability discrimination class action on behalf of all deaf employees of UPS, resulting in a partial settlement of $5.8 million and, after a trial on the remaining claims, a liability verdict in favor of the Plaintiff class that was appealed and later settled.

- *Satchell, et al. v. FedEx Express, Inc.*: a race discrimination class action on behalf of approximately 20,000 current and former employees of FedEx seeking pay equity and equal opportunity for promotions, resulting in a settlement of $54.9 million.

- *Holliman v. Kaiser Foundation Health Plan*: Fair Labor Standards Act class action on behalf of health plan employees for unpaid overtime wages that resulted in a $9 million class settlement.

- *Tong v. CVS*: a California wage and hour class action on behalf of pharmacists for unpaid wages, including overtime and straight-time wages and failure to provide adequate breaks, which resulted in a nearly $20 million settlement.

---

[3] Because this case is national in scope and was filed on behalf of CLEAR members throughout the United States, it is advantageous to have firms located on both coasts.

- *Lenahan v. Sears*: a Fair Labor Standards Act class action on behalf of product repair service technicians for unpaid wages, which resulted in a $15 million settlement.

- *Syran v. Lexis Nexis*: a nationwide class action brought for violations of the Fair Credit Reporting Act on behalf of individuals whose personal information was disclosed, which resulted in extensive changes to Lexis' security procedures in addition to a monetary settlement of $2.8 million.

The firm has also recently successfully sought class certification in a statewide construction defect case, only the second of its kind to be certified in California and in a wage and hour action involving claims under federal and state law, certified as a class and collective action on behalf of approximately 80,000 current and former employees nationwide.

Schneider Wallace also recently added experienced consumer class action attorney Mark Johnson to its consumer practice. Coming from ten years with the Sturdevant Law Firm in San Francisco, Mr. Johnson has successfully litigated class actions on behalf of consumers against large corporate defendants such as Bank of America, Chase Home Finance, Pacific Bell (now AT&T) and Chicago Title Insurance Company. Mr. Johnson is also currently class counsel for a certified national class of retirees from the AXA Equitable Life Insurance Company challenging the reduction of their health care benefits and class counsel for a recently certified class of Arizona homeowners in an action against First American Title insurance Company for the illegal denial of lower refinancing premium rates for title insurance.

Schneider Wallace has the resources, skills, and determination necessary to be competent lead counsel for this litigation. The firm's attorneys assigned to this case include Todd Schneider, Mark Johnson, Garrett Wallace and others, as needed. Their experience and the firm's experience in consumer and complex litigation demonstrate an ability to successfully lead this litigation.

### 3.     Squitieri & Fearon Should Be Appointed Interim Co-Lead Counsel

Squitieri & Fearon has been recognized by courts throughout the country for its ability and experience in handling complex class action lawsuits. The firm has been appointed lead or co-lead counsel in a broad range of class actions including securities fraud class actions (*Levie v. Sears Roebuck & Co., et al.*, 04-CV-7643 (N.D. Ill.)); ERISA class actions (*In re Bank of America Corp.*, 09-MDL-2058 (S.D.N.Y.)); antitrust class actions (*In Re: Live Concert Antitrust Litig., et al.*, 06-CV-1745 (C.D. Cal.)); and consumer class actions (*In Re Jamster Marketing Litig.*, MDL No. 1751, Master File No. 05-CV-0819 (S.D. Cal.) (appointed to the Executive Committee for plaintiffs and the Class)). The name partners of Squitieri & Fearon collectively have over 25 years of class action experience. Squitieri & Fearon has handled hundreds of product liability mass tort cases and has successfully recovered millions of dollars for its clients who have been injured by defective pharmaceuticals. The firm resume of Squitieri & Fearon is attached as Exhibit 3 to the Declaration of Christine M. Fox.

Lee Squitieri will be the primary attorney in charge of the action. Mr. Squitieri has been lead counsel in most of the representative actions listed on the firm resume. The firm has been appointed by the court as liaison counsel for plaintiffs in the consolidated mass tort pharmaceutical cases of *In Re: New York Phenylpropanolamine (PPA) Products Liab. Litig.*, Master Index No. 761,000/03 (Sup. Ct., N.Y. Cty.) and *In Re: New York Rezulin Prods. Liab. Litig.*, Master Index Number 752,000/00 (Sup. Ct., N.Y. Cty.). In addition, as reflected on their firm resume, Messrs. Squitieri and Fearon have received commendations from many courts before whom they have appeared.

In sum, Proposed Co-Lead Counsel is well-qualified to serve as Interim Co-Lead Counsel in this action, having the resources (both financial and human), experience and demonstrated

record of success in litigation of this nature to do so. Together, Kaplan Fox, Schneider Wallace and Squitieri & Fearon will work in a non-duplicative fashion toward a successful resolution of this important case.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court issue an Order consolidating the Related Actions and appointing Kaplan Fox, Schneider Wallace and Squitieri & Fearon as Interim Co-Lead Counsel. These firms have the demonstrated experience and leadership skills to prosecute these class actions in a fair, efficient and successful manner.

DATED: August 14, 2009

_/s/ Christine M. Fox_
Frederic S. Fox
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Laurence D. King
Mario M. Choi
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
Tel: (415) 772-4700
Fax: (415) 772-4707

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL
 BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
 BRAYTON KONECKY LLP
7702 East Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258
Tel: (480) 607-4368
Fax: (480) 348-3999

_____
Lee Squitieri /by CNF
Lee Squitieri
SQUITIERI & FEARON, LLP
32 East 57th Street
12th Floor
New York, NY 10022
Tel: 212-421-6492
Fax: 212-421-6553

*Attorneys for Plaintiffs*

## Certificate of Service

I, Christine M. Fox, declare that I caused a true and correct copy of the foregoing document to be served upon all Counsel of record by filing the same using the Court's electronic filing system.

August 14, 2009                                              /s/ *Christine M. Fox*
                                                                                                        Christine M. Fox