*Holwell, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN W. PERKINS, NORMAN STOEHR AND CATHERINE STOEHR, DAVID AND STACEY SCHAPIRO, MARIELLEN BAKER, SANGSOO WESLEY PARK, WILLIAM WHETSTONE, RICHARD LUCKETT, MARK NATHAN, MATTHEW DELANEY, PETER AND LOIS NATHAN, JOHN D. WILGEROTH, KERRY B. HOGGARD, MIKE BERKLEY, DAVID GOLDBERG, PAUL BRAOUDAKIS, AARON LAMBERT, KIMBERLY QUAN, STUART AND JOAN SCHAPIRO, JAMES B. BLACK, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERIFIED IDENTITY PASS, INC., AND DOE DEFENDANTS 1-25, <br><br> Defendants. | Case No.: 09-CV-5951 (RJH) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 8/18/09 <br><br> AUG 1 2 2009 <br><br> RICHARD J. HOLWELL |

### [PROPOSED] ORDER REQUIRING PRESERVATION OF EVIDENCE AND GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION WITH RESPECT TO THE DISPOSITION OF CONFIDENTIAL INFORMATION

This matter is before the Court for consideration of Plaintiffs' motion for an order requiring that Defendant Verified Identity Pass, Inc. ("VIP") take steps to assure that all relevant evidence in this case in its possession or control be preserved and maintained in its existing state during the pendency of this action, and for a further order enjoining VIP from selling or otherwise transferring, disclosing to third parties or maintaining in an unsecure manner any personal biographic or biometric information that was provided to it by members of the putative class in connection with or as a condition to their membership in the CLEAR program operated by VIP.

Having read and considered the papers submitted in support of and in opposition to the motion, and being familiar with the pleadings and other documents filed in the case, THE COURT FINDS AND ORDERS AS FOLLOWS:

Preservation of Evidence

1.   Based upon the undisputed evidence presented to the Court on this motion, the Court finds that on or about June 22, 2009 VIP discontinued its operations of the CLEAR program throughout the airports in which it was operating, shut down its offices in New York, discontinued its web site presence except for a single page announcing the closure of its operations, terminated its employees, including its customer service representatives and cut off all avenues of communication with the Company. Since that time there have been no further announcements or communications from the company and no means of determining the location or status of documents, data and other materials that might be relevant to the prosecution of this action.

2.   Based upon the foregoing, the Court has a serious concern that materials that are relevant to and discoverable in this action and that could serve as evidence in the case may be lost or destroyed absent an order requiring that Defendant take affirmative steps to assure the preservation of those materials. The Court is satisfied that the loss of such materials, including, for example, customer databases, membership payment records and corporate financial and other records, will be prejudicial to Plaintiffs in the prosecution of this case and in the ability of Plaintiffs to seek and obtain relief on behalf of the proposed class.

3.   Based upon the foregoing, THE COURT HEREBY ORDERS that Defendant VIP shall forthwith take all steps necessary to preserve, through the conclusion of this litigation, all documents, data and other materials relevant to the allegations of the First Amended Complaint

or the subject matter of this case, including, but not limited to: (1) biographic information of Plaintiffs and putative class members, including names, addresses and other contact information; (2) any evidence of communications with CLEAR members, via mail, electronic mail or any other method; (3) documents reflecting archived and/or stored websites containing CLEAR marketing materials, information about promotional memberships or other information about CLEAR and the services it provided and the terms of its agreements with customers; (4) memoranda and/or other documents regarding marketing, pricing of memberships, termination of operations, and timing of the termination of operations; (5) documents related to putative class members' payment history and membership status; and (6) corporate and financial records, including, but not limited to, accounting records, audited financial statements, minutes of corporate meetings, records of disbursement of funds and bank records. Such materials shall be preserved in their current condition or format, and shall be protected from loss though inadvertence or natural causes as well as from affirmative actions taken by VIP or other persons.

Preliminary Injunction

4.  The Court further finds, based upon the terms of the CLEAR Membership Agreement entered into between VIP and members of the putative class, that Plaintiffs are likely to prevail on their claim for a permanent injunction, enjoining Defendant and its agents from selling, transferring or disclosing any confidential personal information obtained by VIP from class members in connection with their CLEAR memberships or membership applications. The contract expressly prohibits such unauthorized disclosure.

5.  Based upon statements made by VIP on its web site announcing the closure of CLEAR's operations that the database containing confidential information provided by customers might be sold or transferred to another Registered Traveler Program, the Court finds

that there is an immediate need for preliminary injunctive relief preventing the transfer or disclosure of such information. The Court further finds, based upon the termination of the CLEAR program and the circumstances under which it was terminated, that there is a risk of disclosure of such confidential private information resulting from the lack of accountability or oversight concerning the manner in which that information is maintained or stored.

6.  The nature of the private confidential information, including names, addresses, telephone numbers, social security numbers, fingerprints, digital photographs and iris scans, is such that Plaintiffs and the members of the proposed class will suffer irreparable harm and a serious violation of their privacy rights if such information is disclosed to unauthorized persons.

7.  Based upon the foregoing, THE COURT HEREBY ENJOINS DEFENDANT VIP, ITS AGENTS, OFFICERS AND OTHER REPRESENTATIVES FROM ENGAGING IN ANY OF THE FOLLOWING ACTS:

    a.  Selling or otherwise transferring to any other person or entity, any confidential information obtained from CLEAR members or applicants, including both biographic information such as names, social security numbers, addresses, telephone numbers, email addresses and other contact, and biometric information such as photographs, fingerprints and iris scans;

    b.  Disclosing any such biographic or biometric information to any other person or entity;

    c.  Maintaining or storing such information, or allowing such information to be maintained or stored, in a manner that permits the disclosure of such information to any other person or entity, or in any manner that is inconsistent with the requirements set forth in VIP's written Privacy Policy, as incorporated in the CLEAR membership

agreement or with TSA's Registered Traveler Security, Privacy and Compliance Standards for Sponsoring Entities & Service Providers.

IT IS SO ORDERED.

Dated: 8/14/09

_____
U.S.D.J.